120 Main Hotel LLC v Sompo Am. Ins. Co.

2026 NY Slip Op 02367

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

120 Main Hotel LLC, Respondent,

v

Sompo America Insurance Company, Appellant.

Decided and Entered: April 21, 2026

Index No. 651775/24|Appeal No. 6419, M-6938|Case No. 2024-07896|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Clyde & Co US LLP, New York (William M. Cooney of counsel), for appellant.

Blank Rome LLP, New York (David A. Thomas of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered November 26, 2024, which, to the extent appealed as limited by the briefs, denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Supreme Court correctly denied defendant's motion to dismiss the complaint, as it failed to sustain its burden of establishing that an exclusion in its insurance policy applied to defeat coverage for a fire that occurred on plaintiff's premises (see J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 37 NY3d 552, 562 [2021]). The record presents issues of fact regarding the state of the property at the time of the fire, whether the premises contained covered property adequate to conduct business operations as a hotel, and whether plaintiff engaged in customary business operations on site shortly before the fire loss. These issues, in turn, bear on whether the hotel was "vacant or unoccupied" within the meaning of the exclusion foreclosing coverage for loss caused by vandalism and malicious mischief, which is the basis on which defendant declined coverage.

We have considered defendants' remaining contentions and find them unavailing.

M-2025-06938 — 120 Main Hotel LLC v Sompo America Insurance Company

Motion by plaintiff to strike or disregard portions of defendant's reply, granted to the extent it seeks to strike new arguments raised for the first time in reply.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026